[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging in the first count that the petitioner is actually innocent in that he was drug dependent at the time of the crime for which he was charged; in the second count that his habeas trial counsel was ineffective in failing to investigate and present evidence on a defense of drug dependency; and in the third count that his appellate habeas counsel failed to review the trial court record for issues and failed to research such issues on appeal. After a jury trial the petitioner was convicted of possession of narcotics with intent to sell by a non-drug dependent person in violation of Conn. Gen. Stat. §21a-278(b) and conspiracy to distribute narcotics in violation of Conn. Gen. Stat. § 21a-277(a) and § 53a-48(a) in C.R. 92-418066 for which Judge Miano imposed a total effective sentence of twenty (20) years. This judgment was affirmed in State v. Torres, 36 Conn. App. 488 and certification to appeal to the Connecticut Supreme Court was denied in 232 Conn. 912. The respondent on March 23, 1999 and again on September 10, 1999 requested discovery pursuant to Practice Book § 23-38 which has not been complied with. This discovery is allowed as of right which request was for a list of witnesses and a statement of the subject matter upon which any expert witness is expected to testify. On June 23, 1999 the respondent filed a motion to dismiss which addressed the Amended Petition dated July 1, 1999, which was subsequently heard on March 2, 2000 at which the respondent introduced two exhibits, the first a copy of the decision of Judge Bishop dated June 25, 1997 on a one count habeas petition dated August 15, 1996 by the petitioner, Respondent's Exhibit A, and the second, a copy of the decision of Judge Kaplan dated December 4, 1997 granting the motion of the petitioner's appellate counsel to withdraw his appearance on the appeal of the petitioner from the decision of Judge Bishop who had denied him certification to appeal the dismissal of the habeas petition. The basic issue before Judge Bishop as it is here is whether the petitioner was drug-dependent at the time of the offense. The petitioner makes no claim of an issue on the conviction on the second count of his criminal proceedings. Judge Bishop heard the testimony of the petitioner that he was drug-dependent and the testimony of his criminal trial attorney that the petitioner claimed during the criminal proceedings that he did not use drugs. Since this appeared to be the principal issue in the instant habeas, inquiry was made of counsel if there was available corroborating evidence of drug-dependency of this petitioner and her response was negative. CT Page 4120
Petitioner argues that he has a right to effective assistance of habeas counsel. Iovieno v. Commissioner, 242 Conn. 689, 702. He then points out that in his petition he has alleged that his habeas counsel was ineffective in failing to present evidence of drug dependency and failing to adequately pursue this claim. However, he fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition. Practice Book § 23-29.
For the above reasons the motion to dismiss is granted.
Corrigan, J., Judge Trial Referee